IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN JASON WHITAKER,

    Petitioner,

v.

JEFF PREMO,

    Respondent.

Case No. 6:16-cv-00479-HZ

OPINION AND ORDER

Oliver W. Loewy
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Manslaughter, Reckless Driving, and Driving Under the Influence of Intoxicants. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#24) is denied.

## BACKGROUND

After spending the day drinking alcohol, Petitioner drove his 1972 Winnebago RV at excessive speeds northbound on I-5 near the Creswell area. Petitioner veered erratically from side to side at speeds of 80 miles per hour despite heavy traffic, changing lanes abruptly. He ultimately struck the freeway median with such force that body of the RV became unmoored from its chassis, flew through the air, and crushed the back seat area of another vehicle traveling in the southbound lanes of I-5. The impact "shredded" the rear left side of the vehicle, killing a six-year-old girl. John Ratliff, Petitioner's friend who was riding with him in the RV, was also killed in the crash.

Petitioner had been operating the RV without a license, and he admitted to consuming a great deal of alcohol and ingesting prescription medications prior to getting behind the wheel. A blood draw at the hospital following the accident showed Petitioner's blood-alcohol content to be .24. Based upon all of these facts, the Lane County Grand Jury indicted Petitioner on two counts of Manslaughter in the First Degree, two counts of Assault in the Third Degree, and one count each of Driving Under

the Influence of Intoxicants and Reckless Driving. Respondent's Exhibit 102.

Petitioner elected to enter a guilty plea to both Manslaughter counts, Driving Under the Influence, and Reckless Driving. In exchange, the State agreed to drop the two counts of Assault. It also agreed that Petitioner could argue for a total Manslaughter sentence of 10 years, and that any sentence from the DUI and Reckless Driving convictions would run concurrently with the sentence imposed for Manslaughter. The trial court subsequently imposed partially concurrent sentences on the Manslaughter convictions resulting in a total prison sentence of 200 months. Respondent's Exhibit 103, pp. 33-34.

Petitioner did not take a direct appeal, but filed for post-conviction relief ("PCR") in Marion County where the PCR court denied relief on his claims. Respondent's Exhibit 134. The Oregon Court of Appeals affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review. *Whitaker v. Premo,* 268 Or. App. 854, 344 P.3d 1149, *rev. denied,* 357 Or. 415, 356 P.3d 638 (2015).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on March 21, 2016, and amended his Petition on January 20, 2017 to raise various due process and ineffective assistance of counsel claims. Respondent asks the Court to deny relief on the Amended Petition because Petitioner procedurally defaulted all of his claims, and the default is not excused.

///

///

3 - OPINION AND ORDER

## DISCUSSION

A petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

In this case, Petitioner did not take a direct appeal, thus he did not fairly present any of his claims to Oregon's courts in that fashion. During his PCR proceedings, he presented the Oregon Supreme Court with state-law issues, state procedural issues, and issues that were not properly in his Petition for Review because he had not presented them to the Oregon Court of Appeals. Respondent's Exhibits 138, 140, 141. Petitioner did not fairly present any federal claims to the Oregon Supreme Court and therefore procedurally defaulted all of his claims. Petitioner does not argue otherwise, and instead contends that he has cause to excuse his default. Specifically, he argues that his PCR attorney was ineffective for failing to raise a variety of ineffective assistance of trial counsel claims.

Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural

4 – OPINION AND ORDER

default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez v. Ryan*, 566 U.S. 1, 4 (2012), the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id* at 8. It concluded, "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

In order to establish cause to excuse his default pursuant to *Martinez*, Petitioner must show first that his underlying claim of ineffective assistance of trial counsel is substantial insofar as it has "some merit." Next, he must demonstrate that his PCR attorney was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to raise the claim. "[T]o fulfill this requirement, a petitioner must not only show that PCR counsel performed deficiently, but also that this prejudiced petitioner, i.e., that there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2017) (quotation omitted). Such a finding, of course, would necessarily require the Court to conclude that there is a reasonable

probability that the trial-level ineffective assistance claim would have succeeded had it been raised. *Id.*

Petitioner argues that the element of Manslaughter in the First Degree requiring "extreme indifference to the value of human life" in Oregon is so vague as to violate due process. He believes that PCR counsel should have faulted trial counsel for not raising the issue. However, the record reveals that trial counsel was prepared to make this argument had the case proceeded to trial. Respondent's Exhibit 132, p. 26. As such, the Court cannot conclude that PCR counsel omitted a substantial claim of ineffective assistance of trial counsel.

Petitioner next claims that the trial court violated his right to due process, and trial counsel overlooked these violations, when the trial court failed to: (1) make findings to support consecutive sentences; (2) find a factual basis for his crimes; and (3) ensure that Petitioner was afforded a plea agreement on par with other cases in the State. Petitioner killed two victims, which obviously supported consecutive sentences under Oregon law. *See* ORS 137.123(5)(b). The prosecutor provided a detailed factual basis to support the plea in this case, thus any objection would not have benefitted the defense. Respondent's Exhibit 103, pp. 7-12. While Petitioner believes he has a due process right to be afforded a plea offer equal to defendants convicted of Manslaughter in other Oregon cases, that position is not tenable where "there is no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Accordingly, PCR counsel's performance did not fall below an

6 - OPINION AND ORDER

objective standard of reasonableness when he declined to include these claims.

Although Petitioner claims that his PCR attorney omitted a claim that Petitioner did not enter a knowing or voluntary plea based upon trial counsel's shortcomings, Petitioner concedes that "each claim or some, broader, related claim does appear in the state post-conviction petition." Sur-reply (#50), p. 6. Although he faults PCR counsel for not providing sufficient argument to support the claims, *Martinez* does not instruct district courts to engage in a separate analysis of whether or how strenuously counsel argued a particular claim. Instead, it speaks only to whether a PCR attorney failed to present a substantial claim of ineffective assistance of trial counsel. See *Martinez*, 566 U.S. at 5, 12 (the proper formulation of the issue is "whether a federal habeas court may excuse a procedural default . . . when the claim was not properly **presented** in state court due to an attorney's errors"); ("To **present** a claim of ineffective assistance at trial in accordance with the State's procedures, then, a prisoner likely needs an effective attorney."); ("A prisoner's inability to **present** a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel.") (bold added).

In this case, PCR counsel presented Petitioner's claims regarding the voluntariness of his plea to the PCR court, his trial attorney spoke to these issues during a deposition developed for purposes of the PCR proceeding, the PCR court provided Petitioner with a hearing, and the PCR court issued

Findings of Fact and Conclusions of Law that specifically addressed the voluntariness issue. Respondent's Exhibits 132-133, 135 pp. 43-54. Where PCR counsel presented the issue of the knowing and voluntary nature of the plea in the context of an ineffective assistance of counsel claim, *Martinez* does not excuse Petitioner's default.

More generally, it is difficult for Petitioner to demonstrate prejudice as to any of his ineffective assistance of counsel claims in light of the uncontroverted facts of this case as well as his sentencing exposure at trial.[1] Had Petitioner proceeded to trial, the State would have presented evidence that a motorist passing the scene and who happened to be an emergency medical technician "heard a bloodcurdling scream" and saw something he told the grand jury "will forever haunt him." Respondent's Exhibit 103, pp. 9-10. The mother of the dead six-year-old girl was "wailing at the left-rear side of her vehicle" while her husband "was lying on top of her . . . preventing her from going to the left-rear passenger side of the car where their daughter had obviously been sitting." *Id* at 10, 21. As the PCR court correctly advised him, "This was not a case to take to trial. No attorney I can imagine who is competent would have wanted to take this case to trial . . . this was a loser at trial and you were going to be found responsible and the consequences then were going to be bad." Respondent's Exhibit 133, pp. 31-32.

---

[1] Petitioner estimates his exposure at trial would have been 260 months. Sur-reply (#50), p. 9.

Petitioner's remaining claims include his assertion that he was denied the ability to be present during a specific hearing in his PCR action, but alleged errors in the state PCR process are not addressable as independent grounds for relief through habeas corpus petitions. *Ortiz v. Stewart*, 149 F.3d 923, 939 (1998), cert. denied 526 U.S. 1123 (1999); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), cert. denied, 493 U.S. 1012 (1989). The Court finds Petitioner's cumulative error claim does not entitle him to relief, and that he has not sustained his burden of proof as to the claims he has not argued. For all of these reasons, habeas corpus relief is not appropriate.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#24) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 14 day of January, 2019.

_____
Marco A. Hernandez
United States District Judge